IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN THAT LUONG,<br><br>    Defendant.<br>_____ / | No.  CR 96-00094-1 JSW<br><br>**ORDER TO SHOW CAUSE** |

Defendant, John That Loung ("Mr. Luong") of a substantive violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and other offenses.  *See United States v. Luong*, 215 Fed. Appx. 639, 2006 WL 3825384 (9th Cir. Dec. 26, 2006); *United States v. Luong*, 471 F.3d 1107 (9th Cir. 2006).  On February 24, 2011, Judge Patel re-sentenced Mr. Luong to a total term of 65 years imprisonment, following remand from the Ninth Circuit.  *See United States v. Luong*, 215 Fed. Appx. 639, 2006 WL 3825384 (9th Cir. Dec. 26, 2006).

On September 27, 2012, Mr. Luong filed a motion to vacate, set aside, or correct sentence, which he amended - through counsel, on November 27, 2013.  Mr. Luong asserts six claims for relief, which are premised upon the allegation that his trial and appellate counsel were ineffective.

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

22 U.S.C. § 2255.

Thus, a hearing is required "whenever the record does not affirmatively manifest the factual or legal invalidity of the [movant's] claims." *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982) (citation omitted). "A hearing must be granted unless the movant's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) (citations omitted).

The Court finds that a response from the Government is warranted.

## CONCLUSION

For the foregoing reasons and for good cause shown:

1. The Government shall file with the court and serve on Mr. Luong, within 30 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2255 Proceedings, showing cause why the Court should not " vacate, set aside or correct the sentence" being served by Mr. Luong. If the Government requires additional time to respond, it shall file a request for an extension before the deadline for filing its answer expires.

2. If Mr. Luong wishes to respond to the answer, he shall do so by filing a reply with the court and serving it on the Government within 30 days of his receipt of the answer. If Mr. Luong requires additional time to file his reply, he shall file a request for an extension before the deadline for filing the reply expires.

**IT IS SO ORDERED.**

Dated: January 27, 2014

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2