UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN THAT LUONG,<br><br>Defendant. | Case No. 96-cr-00094-JSW-1<br><br>**ORDER GRANTING, IN PART, MOTION TO REDUCE SENTENCE**<br><br>Re: Dkt. No. 2417 |

This matter comes before the Court upon consideration of John That Luong's ("Luong") motion to reduce his sentence, pursuant to 28 U.S.C. section 3582(c). The Court had reserved ruling on the motion pending a ruling from the United States Court of Appeals for the Ninth Circuit on Luong's appeal of this Court's Order denying Luong's motion to vacate, filed pursuant to 28 U.S.C. section 2255. On May 25, 2022, the Ninth Circuit affirmed that decision.

The Court has considered the parties' papers on the motion to reduce, relevant legal authority, and the record in this case, and it HEREBY GRANTS, IN PART, Luong's motion. The Court will not repeat the background information contained in its order deferring a ruling on this motion. (*See* Dkt. No. 2441.) The Court will address relevant facts in the analysis.

**ANALYSIS**

Luong was convicted following a jury trial in 2000 on multiple charges detailed in this Court's previous orders. In 2009, following an appeal, the trial court resentenced Luong to a term of 65 years imprisonment. That term consisted of a total of 40 years on Counts 1 and 2, violations of 18 U.S.C. section 1962 ("RICO") and conspiracy to violate RICO: 20 years on Count 1; and 20 years on Count 2, to be served consecutively to the term on Count 1. (*See* Dkt. No. 1965, Minute Entry; Dkt. No. 2036, Amended Judgment.) Luong also was sentenced to a total term of 25 years

Northern District of California

imprisonment on two counts of violating 18 U.S.C. section 924(c): five years on Count 12, to be served consecutively to Count 1 and all other counts, and 20 years on Count 15, to be served consecutively to Count 2 and on all other counts. (*Id.*; *see also* Dkt. No. 1977 (Resentencing Transcript at 102:2-103:2.)

Luong moves to reduce his sentence to time served, based the Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act of 2018 (the "First Step Act"), which amended portions of Section 3582.[1] The relevant portion of those amendments provide that:

> The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction;
> …
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

The First Step Act also amended portions of Section 924(c), which now provides that the mandatory minimum terms applicable to subsequent convictions (the "stacking provisions") are only applicable after a "prior conviction under this subsection has become final." 18 U.S.C. § 924(c)(1). Luong argues the Court should reduce his sentence based on the amendments to the

---

[1] Luong also is serving a consecutive term of 20 years for a conviction in the United States District Court for the Eastern District of California.

2

stacking provisions, the disparity between his sentence and that of his co-defendants, including Mady Chan, his post-conviction conduct, and the on-going COVID-19 pandemic.[2]

### A.     Exhaustion of Administrative Remedies.

Under the First Step Act, a defendant must exhaust administrative remedies before moving to reduce their sentence in the district court. 18 U.S.C. § 3582(c)(1)(A). On January 11, 2021, Luong, through his counsel, requested that the Warden of USP Canaan reduce his sentence. That request was denied. (Dkt. No. 2418, Declaration of Todd Borden ("Borden Decl."), ¶¶ 19-20; Dkt. Nos. 2418-18, 2418-19, Borden Decl. Exs. R-S.) Luong has exhausted his administrative remedies. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Rodriguez*, 424 F. Supp. 3d 674, 680-81 (N.D. Cal. Nov. 25, 2019).

### B.     The Court Grants Luong's Motion, in Part.

Once a defendant has exhausted their administrative remedies, a court may grant a motion for compassionate release if, after the considering the Section 3553(a) factors, it finds "extraordinary and compelling reasons warrant" a reduction. The reduction also must be "consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Luong bears the burden to show a sentence reduction is warranted. *See, e.g., United States v. Greenhut*, No. 2:18-CR-00048-CAS-1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

"Congress has not defined what constitutes 'extraordinary and compelling'" reasons; however, it did state that "[r]ehabilitation of the defendant alone" will not meet the standard. *Rodriguez*, 424 F. Supp. 3d at 681 (quoting 28 U.S.C. § 994(t)). Section 994(t) directs the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons" when "promulgating general policy statements" relating to Section 3582(c)(1)(A). 28 U.S.C. § 994(t). Guideline section 1B1.13, which is the relevant policy statement, sets forth four

---

[2]     Luong did not cite to sentencing disparities or his post-conviction conduct in his request to the Warden. The Court has considered those arguments, but it concludes that he has not shown that the COVID-19 pandemic warrants consideration. Luong is vaccinated and boosted and does not cite to any underlying medical conditions that might place him at greater risk for serious illness if he contracted COVID-19.

3

"extraordinary and compelling reasons" that may warrant a sentence reduction. U.S.S.G. § 1B1.13. The first three reasons pertain to the medical condition of the defendant, age of the defendant, and family circumstances. U.S.S.G. § 1B1.13, app. note 1(A)-(C). The fourth is a "catch-all" provision entitled "Other Reasons", which provides that "[a]s determined by the Director of the Bureau of Prisons ["BOP"], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.*, app. note. 1(D) ("Subdivision D").

The Ninth Circuit has now held that Section 1B1.13 is not an "applicable" policy statement for motions for compassionate release that are filed by defendants. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). Therefore, although the statements in Section 1B1.13 "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, … they are not binding." *Id.*

This Court previously concluded that it could apply Subdivision D to determine whether there other circumstances qualify as "extraordinary and compelling" reasons that would warrant a sentence reduction. It also has concluded that the amendments to Section 924's stacking provisions may, in combination with other factors, constitute "extraordinary and compelling" reasons to reduce a sentence. *See, e.g., United States v. Roberts*, No. 05-cr-567-JSW, 2022 WL 1720080, at *3 (N.D. Cal. May 27, 2022); *United States v. Chan*, No. 96-cr-00094-JSW-13, 2020 WL 1527895, at *5-6 (N.D. Cal. Mar. 31, 2020). In *Chan*, for example, in addition to the amendments to Section 924(c)'s stacking provisions, the defendant's record of rehabilitation and his lack of danger to the community justified a reduction. *Chan*, 2020 WL 1527895, at *6.

In reaching that conclusion, the Court noted that Congress had not made the amendment to the stacking provisions retroactive. However, it concurred with reasoning set forth in *United States v. Maumau* that "[i]t is not unreasonable for Congress to conclude that not all defendants convicted under § 924(c) should receive new sentences, even while expanding the power of the courts to relieve some defendants of those sentences on a case-by-case basis." No. 2:08-cr-00758-TC-11, 2020 WL 806121, at *7 (D. Utah Feb. 18, 2020); *Chan*, 2020 WL 1527895, at *6. The Fourth Circuit reached a similar conclusion in *United States v. McCoy*, 981 F.3d 271, 284-88 (4th

4

Cir. 2020) (finding reasoning in *Maumau*, among other cases, persuasive and finding it is permissible to treat as "'extraordinary and compelling reasons' for compassionate release the severity of the defendants' § 924(c) sentences and the extent of the disparity between the defendants' sentences and those provided for under the First Step Act"). The Court concludes that the amendments to the stacking provisions and Luong's post-conviction rehabilitative conduct, as well as sentencing disparities that result from the amendments, warrant a reduction. Accordingly, the Court turns to the 3553(a) factors.

Luong's crimes were extremely serious and the convictions underlying the Section 924(c) are crimes of violence because they involved the use of firearms in Hobbs Act robberies. *See United States v. Dominguez*, 954 F.3d 1251, 1255 (9th Cir. 2020) ("[W]e . . . reiterate our previous holding that Hobbs Act armed robbery is a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A)."); Dkt. No. 2442.) When Luong was resentenced, the sentencing judge acknowledged Luong's post-conviction behavior and efforts but concluded his conduct still warranted a substantial term of incarceration. (*See, e.g.,* Resentencing Transcript at 39:3-14, 100:4-10; *see also* Borden Decl., ¶ 5; Dkt. No. 2418-3, Borden Decl., Ex. C (Original Sentencing Transcript at 99:16-100:25.)[3]

Between June 2013 and January 2021, Luong remained disciplinary free and there is nothing in the record to suggest he has incurred any serious disciplinary violations since 2021. (*See, e.g.,* Dkt. No. 2418-14, Borden Decl., Ex. N.)[4] In addition, the Court's decision will not result in Luong's immediate release, which addresses the need to protect the public from further crimes.

Luong has submitted a letter expressing his own remorse for his actions and letters from

---

[3] The docket number cited in counsel's declaration does not match the docket number associated with the transcript of this sentencing proceeding, the original copy of which is not filed electronically. (*See* Dkt. No. 1679.)

[4] Although counsel's declaration cites to Luong's disciplinary report as Exhibit T, there is no Exhibit T filed with the declaration. In addition, there appears to be an error in paragraph 1, and the Court has assumed the reference to "Davis" in that paragraph should be to Luong. Finally, although counsel has not formally authenticated Exhibit N in his declaration, the Government has not objected to that exhibit.

family and friends, who show their support and assert he has changed for the better. That support weighs in his favor. The Court also considers the need to provide Luong with educational or vocational training, or other correctional treatment in the most effective manner. Those factors do not appear to weigh heavily for or against a reduction in sentence. Section 3553(a) also takes into consideration the need to provide a defendant with medical care. Even taking into consideration the on-going COVID-19 pandemic, that factor does not appear to weigh heavily for or against reducing Luong's sentence. The Court also has considered the remaining Section 3553(a) factors, and on balance it finds that they weigh in favor of granting Luong's motion.

Accordingly, the Court GRANTS Luong's motion and it will reduce the term of imprisonment on Count 15 to 5 years to be served consecutively to Count 2 and all other counts. All other terms and conditions of the Amended Judgment imposed on June 12, 2009 remain unchanged and in effect.

**IT IS SO ORDERED**.

Dated: June 9, 2022

_____
JEFFREY S. WHITE
United States District Judge